■ JOSE DOMINGUEZ, Respondent, v RALPH'S DISCOUNT, Appellant. — Order of the Supreme Court, New York County (Myers, J.), entered October 18, 1984, which denied the defendant's motion seeking to vacate a default judgment against it and directed an assessment of damages, is unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion to vacate the default and the direction for assessment granted, upon the condition that defendant's attorney personally pay the sum of $2,000 to the plaintiff within 30 days of the entry of the order herein. In the event that the condition is not complied with, the order is affirmed, with costs.

The appeal from the order of April 11, 1984, which granted the plaintiff's motion for a default judgment, is dismissed as superseded.

The plaintiff allegedly sustained personal injuries as a result of a fall on a public sidewalk in front of the premises leased to the defendant. An action was commenced by service upon defendant's managing agent on September 1, 1983, and on September 15th, at the request of the insurance carrier for the defendant, an extension of time was granted to answer for a one-month period, pursuant to a stipulation dated September 19th and marked "final adjournment".

The plaintiff extended the defendant's time to appear or answer until October 16th. When no answer was received, a letter was sent to both the defendant and its carrier advising them that if an answer was not received within five days of the letter dated October 17th, a default judgment would be sought.

On or about October 24th, what purported to be a verified answer was received, which contained merely categorical denials of all paragraphs of the verified complaint, including denial of simple aspects, such as whether the defendant operated the store. Further, the verification was defective. Thereafter, the plaintiff moved for a default judgment, which notice of motion required answering papers to be served prior to the return date of the motion, pursuant to CPLR 2214 (b). The answering affidavit was not served in time and at that point, it was asserted, for the first time, that the managing agent of the defendant was not properly served.

While a default judgment was in order, the merits of the action should be resolved, and the defendant should not be burdened by the failure of its carrier and carrier's counsel. As a

matter of discretion, we vacate the default judgment upon the condition that counsel make an appropriate payment to the plaintiff for the inconvenience caused. Concur — Kupferman, J. P., Sandler, Sullivan and Fein, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MELENDEZ, Appellant. — Judgment, Supreme Court, New York County (Benjamin Altman, J., at sentence; Fritz Alexander, J., at plea), rendered on December 8, 1982, unanimously affirmed.